Good morning, this is the court, counsel. We've been in e-mails appearing on behalf of the appellant, Ronald Chilcote, and we're going to begin by addressing the court's questions received by way of order last Wednesday, April 2nd. The first question pursuant to the order is, should Chilcote's motion for a specific performance be treated as a 28 U.S.C. 2255 motion, and would the order cite the United States v. Gross? If so, was it a second and successive application, or did the district court have jurisdiction to entertain the application? Very briefly, I would say the answer to the first question, should it be considered a 2255 motion, is no. The motion should be considered precisely as it was filed, and that is, as an alternative motion. The district court clearly had jurisdiction of the issue under 18 U.S.C. 3583e. But I need jurisdiction over that motion, which was to come out and supervise the use early, because Chilcote was a good guy. That's correct, Your Honor. I would refer the court first to the statute, and I would also cite the court to the case. The Supreme Court case of Johnson, United States v. Johnson, 529 U.S. 53 at 60, as well as two decisions of this court, both Mujahid v. Daniels, not to provide the cites, and Gunnarsson v. Hood, Your Honor. Under 3583e, the test is, does the conduct of the defendant, and is it in the interest of justice to terminate? Also, there's a modification provision, which is E2, which allows the court at any time to I don't see exactly what you're saying, Your Honor. There are three words which are available to the court. I think I understand clearly where the court's coming from, Your Honor. Let's discuss Johnson first. In Johnson, the defendant had long-conserved excess privy time of two and a half years, and the issue was whether he was entitled to an automatic reduction of the supervised release term to account for that excess privy time. Supervised, the court held narrowly, like you had in the Supreme Court, that supervised release commences on the date of release, not while the person is incarcerated, so you can't go back to the beginning of incarceration while he's in there. Now, at 60, the court says this, and I would quote, there can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of the prison term. The statutory structure provides a means to address these concerns in large part. The trial court, as it seems fit, will modify an individual's conditions of supervised release, citing to the statute E2. Furthermore, the court will terminate an individual's supervised release obligations at any time after the expiration of one year if it's satisfied that such action is warranted by the conduct of the defendant released in the interest of justice, E1. Respondent will invoke 3583E2 in pursuit of relief, and having completed one year of supervised release, he will also seek relief under 3583E1. So the equitable considerations that the court can consider, things such as excess time in prison or an unusual deed, the fact that the person is going to be released and not given the federal good time credits that he was entitled to as a result of his early release, this court held there that because there's a possibility of some form of equitable relief under the supervised release statute, that the case survived a witness challenge there. So although if we look at these narrowly as simply a motion for specific performance, perhaps the court would be right. I think it would be very arguable that this would have been a 22255 motion. But this was an alternative motion to terminate, modify, and to consider as part of that, not only the defendant's conduct, but the interest of justice. And just as the Supreme Court says in Johnson, the court can consider the fact that if I'm entitled to an automatic reduction, here perhaps, he wouldn't be entitled to 50% because of the merits of the issue, whether or not the 11 years he pleaded was followed or not or breached or not. He wasn't entitled to an automatic termination or an automatic modification as a result of that. But certainly the district court was able to consider that fact in determining whether or not to terminate or otherwise modify. I would also cite the court for the proposition that the jurisdiction becomes entangled when you have these dual issues going on in one manner. The Ninth Circuit case of Stocks, United States v. Stocks. And I cite Stocks, Your Honor, and I discuss this issue, this argument actually is presented at pages 13 to 14 of the reply brief. In Stocks, there was jurisdiction to consider the defendant's motion to dismiss an alleged probation violation on the ground that the modification was invalid because he had not had counsel or hearing on the issue of the waiver there, whether the waiver was valid. But the district court entertained the motion, although on its own there would not have been jurisdiction, as part of the revocation pursued. And this court held that there was jurisdiction to consider both issues together. Because the court had jurisdiction over the revocation proceeding, although in and of itself it may not have had jurisdiction of the other issue, it could consider both. And I quote from the court, the court, however, had jurisdiction of the revocation proceeding and did not need jurisdiction by entertaining a motion that it did not have to consider. Consequently, we hold that jurisdiction existed in the district court and exists in this court to consider Stocks' appeal from the room of the validity of his waiver. So, Your Honor, I would ask, I would respectfully submit that the district court, as well as this court, has jurisdiction over this issue, over the merits of the issue, to consider whether or not that 11E1C plea was followed or not, or to consider whether or not some sort of modification or termination as a result, among other things, was appropriate. Would you do us a favor, please, and put the extra sites that you mentioned on a down sheet and give it to the court? Most definitely, Your Honor. Thank you. I'm sorry. Thank you. Craig Gabriel? May it please the Court, Counsel? My name is Craig Gabriel. I'm an AUSA here in Portland. In answer to the Court's two questions from last week, Mr. Chilcote's motion should be considered 2255 and second, because it is a second and successive application. This Court and the district court did not have jurisdiction to entertain it. On the first point, as this Court made clear, there are only three avenues that a defendant can pursue to challenge the imposition of supervised release. By process of elimination, it has to be a 2255. I understand, Mr. Lewis, that basically what the district court had jurisdiction to consider the motion for elimination of supervised release, which does have an interest of justice provision. And having this had jurisdiction, we can spring over and grab this one also. Your Honor, the district court did not have jurisdiction to consider the defendant's motion under 3583E1, because under the plain language of that statute, the district court may only terminate supervised release after the expiration of one year. In this case, supervised release commenced on November 8, 2005. The defendant filed his motion on August 31, 2006, only ten months later. The statute E1 makes it clear that until the expiration of one year of supervised release, the district court does not have authority. If one year had elapsed. Had one year elapsed? If one year had elapsed, we would. If one year had elapsed, then Judge Hadley would have had the discretion to terminate supervised release. But given the defendant's extensive criminal history, he had 34 criminal history points, his admitted severe addiction to methamphetamine, which he further admitted fueled his criminal activities. It certainly was not an abuse of discretion by Chief Judge Haggerty to continue this defendant on supervised release. In fact, Mr. Chilcote is exactly the type of defendant that supervised release is designed for. I won't go into any further issues on the second and successive petition. This Court has repeatedly held that if a petition is successive, then the district court does not have jurisdiction. On the issue of the UA, it further was not an abuse of discretion, and that's a key point. If this were, back to the first issue, if this were considered a motion under 3583E1 for termination, and if one year had elapsed, again, it certainly was not an abuse of Chief Judge Haggerty's discretion to continue the defendant on supervised release. Similarly, with the UA issue, it was not an abuse of discretion for the judge to order that the defendant submit up to eight UAs per month. There was not a major change in circumstances? There was not a major change in circumstances. There wasn't any. What was the change? Well, there was a minor factual change in circumstances where the defendant's ex-wife said that she would not allow him to live with her if he were not subject to UA testing. She then retreated from that. But the key point, Your Honor, is that a change in circumstances is not required under 3583E1. Would Stephen's case be considered a change in circumstances, not of the defendant himself, but a change in the law applicable to his situation? If there were a need for a change in circumstances, would that suffice? It would, Your Honor. And while there wasn't a change in factual circumstances, the legal landscape had changed dramatically under the Stephen's case where this Court held that it would be an improper delegation of the district court's statutory duties to allow the probation officer to set the maximum number of UAs. That Stephen's case did come down while the defendant was in custody, and only a few months after the defendant was on supervised release and he refused to voluntarily increase the number of UAs, did the probation officer go to the district court, as required by Stephen's, to increase the number of UAs. And didn't the defendant get negative results every test he took after he got out of prison? He did receive negative results from the three tests that he took while he was on supervised release. The last time they have any evidence that he took, and that's instead of him, was 77 months before when he went to prison, right? That is correct, Your Honor. And he did say that he was on a 43-day crank run when he committed the crime in this case. That time, right. So a change of circumstances because the ex-wife didn't think it was a good idea. That would be the factual change in circumstances, Your Honor. There was a legal change in circumstances with the Stephen's case. And under Section E1, 3583E1, the statute says, the court may, after considering the factors in 3553A, modify the conditions of supervised release at any time prior to the expiration of supervised release pursuant to the Federal Rules of Criminal Procedure. And if it's returned to the Federal Rules, the advisory note says there has to be a change of circumstances. Excuse me? The advisory note in the history says there has to be a change of circumstances. The advisory notes say, Your Honor, quote, probation conditions should be subject to modification, for the sentence in court must be able to respond to changes in the probation or circumstances as well as new ideas and methods of rehabilitation, unquote. So new ideas and methods of rehabilitation may also be taken into consideration. And in this case, because the defendant had mental illness issues as well as methamphetamine addiction issues, the probation officer felt that it was in the interest of justice and in the interest of this defendant to undergo drug treatment. And because the Stephen's case limited the probation officer's authority to increase the number of UAs beyond three, she, as required by Stephen's, went to the district court to seek an increase, and the district court agreed. It was entirely appropriate in these circumstances. A change of factual circumstances is not required, and Judge Hagerty did not abuse this discretion. If there are no further questions, I'll submit on the brief. Thank you. Thank you, Your Honor. All right. I would just very briefly, I would note with respect to the early termination provision that counsel referred the court to, termination at one year. This hearing occurred approximately two months, maybe a little less than two months, before the one-year time would have expired. Certainly the court can consider the issues and determine whether at one year it would determine that expiration was appropriate. The hearing itself does not have to occur after one year. That would frustrate the purpose. It simply has to occur so the court can consider it and determine whether to terminate. Also, alternatively, of course, there's the other prong. E1 is not the only prong. It's E2 as well, the modification, which occurs at any time. So certainly the court had jurisdiction. With respect to the second issue, I would agree with Judge Rhodes, and I respectfully disagree with counsel. I'm surprised to hear the government take the position that no changing circumstances required to not ---- It's not recorded on the basis.  But under this Court's cases, Your Honor, certainly there are many cases that I cite, and I could also cite the Court's ---- Well, most of those cases suggest that they happen to involve change of circumstances, so the Court talks about it. And one of the reasons why it's important for a court to have modification power is change circumstances. But what I read in one of those cases says that this is a required condition. It's a sufficient condition, but not one of them says it's absolutely necessary before you can modify to have a change. Your Honor, I would say to use Stevens as a change of circumstance I think would be incorrect. I'm responding to something different. You said there are a lot of cases in the Ninth Circuit that say you have to have a change of circumstances or you can't modify. And that's the point that I'm challenging, because I read them as saying, here are some change circumstances and it was okay to modify. But I don't see a single one that says that no modification is allowed to occur except if there are change circumstances. And if you read a case from our circuit that says that's an absolute requirement, I'd appreciate it, because I haven't seen that case. Well, I would reference the Court to the statute, to Weber. Every case that we would consider, I believe, certainly at the district court level and at this level, a modification is in response to some sort of change. If Weber's pointing out, that is true, that in those cases that have happened. But none of them, nothing that I've read in this circuit has said that it's required. Your Honor, I think we would be getting into some thorny constitutional issues probably. Right. In terms of due process and notice to allow it. Notice and hearing are required. Of course. Notice and hearing are required by the statute. But that would have changed in circumstance. If a judge wanted to say, you know, I have read about this new form of mental health care and I want to bring in 15 folks, give them notice and hearing to tell them I'm interested in pursuing this, why couldn't that happen? Your Honor, I think there would have to be some sort of showing to indicate that that individual, that kind of treatment would be appropriate for that individual and his background and circumstances, his history. All of the factors that are set out. Okay. But none of that is a change. That may be the same mental state that person has been in for their whole life. Well, I think there has to be a showing on the government's part that that treatment would be appropriate. Okay. But that's still not a change. Appropriateness and change are two different things. Your Honor, as I say, and I would certainly, although I have the citations that I've previously provided the Court of Johnson and Javit, I would certainly be willing to provide the Court with citations of this Court's authority indicating that changed circumstances always precede modifications. Before your time is completely up, why isn't a change in law a change of circumstance if a change is required? Your Honor, because that change in law was simply indicating that the Court could not delegate its authority to the probation office to determine the number of U.A.s that was in place. Okay. I will say to myself that that was fine, and so all of that's what had happened in this case. So why isn't that a change that the Court can respond to? Because even though the number in Stevens was set at 8, for example, or in this district, District of Oregon, they've set it at 8. You could set it wherever you want to. But Stevens doesn't say that's the case for everybody. For example, there is a provision in the statute that allows you not to impose a U.A. condition, period, if it's an appropriate case. It does not have to be imposed. So simply because the law changes indicating that now the Court has to be the determiner of how many U.A.s are appropriate, be it 3 or 8 or 24 per month or none, that's what Stevens stands for. But that doesn't indicate that everybody across the board now is going to get 8. There has to be some showing of why, in this particular individual's circumstances, 8 or 3 or none is the appropriate number. It has to be tied to that person's background, history, characteristics. Thank you very much. Thank you very much. That's helpful. Both of you, the matter just argued will be submitted and will now go backwards.
judges: Rymer, Graber, Rhoades